# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASCENCION ARMAS RAMIREZ,<br><br>Petitioner. | CASE NO. 1:10-CR-000353-(3)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(ECF No. 155) |

Before the Court is Petitioner Ascencion Armas Ramirez's *pro se* motion to reduce his sentence pursuant to U.S.S.G. §1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* ECF No. 155. The Federal Defender's Office filed a notice declining to supplement the motion. *See* ECF No. 156. The Government opposes the motion on the basis that the Petitioner is not eligible for a reduction under § 1B1.10. *See* ECF No. 159. Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I.   BACKGROUND

Subsequent to a six-count Superseding Indictment (ECF No. 74), Petitioner pleaded guilty to 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Marijuana, (Count One), and 18 U.S.C. § 924(c)(1)(A)(i) Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Five). *See* ECF No. 101; PSR ¶¶ 1, 13.

According to the PSR, the amount of drugs attributed to Petitioner was 686.7 kilograms of marijuana. *See* PSR ¶ 16. Pursuant to §2D1.1(a)(5)(iii), the Court found that the Defendant's base offense level was 28 (based on the amount of marijuana involved in the case), *see id.* at ¶ 17, and his criminal history was category III (based on 5criminal history points). *See id.* at ¶ 36. Due to the Defendant's minor role in the offense, the PSR recommended a two-level decrease in his base offense level under § 3B1.2, for an adjusted offense level of 26. *See id.* at ¶ 21. Defendant's acceptance of responsibility warranted a three-level reduction pursuant to §§ 3E1.1(a) and (b), for an adjusted total offense level of 23. *See id.* at ¶ 27 & 28. The Guidelines range for a defendant with an offense level of 23 and a criminal history category III was 57 to 71 months. *See* U.S.S.G. Ch. 5, Pt. A. However, pursuant to § 5G1.1(b), where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. The Sentencing Guidelines provide that the guideline sentence is the minimum term of imprisonment required by statute. *See* § 2K2.4. The guideline range for Count One (21 U.S.C. 846, 846(a)(1) and (b)(1)(A)) was a mandatory minimum 120-month term, pursuant to § 5G1.1(a). Additionally, the guideline range for Count Five (18 U.S.C. 924(c)(1)(A)(i)) was a mandatory minimum 60-month term, to be served consecutively. *See* PSR at 18 & ¶ 26. Therefore, the PSR recommended imposing a sentence of 120 months plus 60 months, to be served consecutively for a total term of imprisonment of 180 months. *See* PSR at 18 & 20.

Adopting the PSR without change, the Court on July 9, 2012 imposed a mandatory minimum 120-month sentence for Count One as well as a mandatory minimum 60-month sentence on Count Five, to be served consecutively for a total term of imprisonment of 180 months; 60 months supervised release, $3,825.10 in restitution; and, a $200 special assessment. *See* ECF Nos. 124 & 126.

## II.     LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed."' *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. *See* 18 U.S.C. § 3582(c)(2); *see also United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *see also United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that a petitioner is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of

the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### III. DISCUSSION

Petitioner Ramirez requests a reduction in his sentence under Amendment 782, enumerated in § 1B1.10(d). *See* ECF No. 155. Petitioner incorrectly states that he was originally sentenced "with a Criminal History Category I" and "an Offense Level 32," which "provided a sentencing range of 121 to 151 months imprisonment." *Id.* at 3. He also incorrectly states that the Court imposed a sentence "of 120 months," and argues that under the Amendment, his "Offense Level is now 27 which proscribes a range of 70 to 87 months imprisonment." *Id.* at 4. Petitioner also argues that a reduction "is warranted according to the applicable factors found in … section 3553(a)." *Id.*

The initial inquiry of whether a defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Indeed, § 3582 permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

The Court turns to whether the Amendment has effect on this Petitioner's guideline range. Generally, the Amendment modifies § 2D1.1's Drug Quantity Table to lower base offense levels by two points for most federal drug traffic offenders. Amendment 782, § 1B1.10. Reductions in sentencing are available for those defendants sentenced under the amended § 2D1.1 sentencing provision. *See* Amendment 782. However, it is a matter of settled law in the Ninth Circuit that a defendant sentenced pursuant to a statutory mandatory minimum term of imprisonment is not eligible for a sentence reduction under § 3582(c). *See, e.g., United States v. Paulk*, 569 F.3d 1094,

1096 (9th Cir. 2009). Here, Petitioner concedes that his account of his offense level and sentence is based on his "best recollection," *see* ECF No. 155 at 3, and does not dispute that the Court imposed a sentence under statutory mandatory minimum guidelines. *See* ECF Nos. 124 & 126; PSR ¶¶ 26, 49-50. Because Petitioner's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to § 1B1.10 (a)(2)(B), this Court does not have the authority to modify Petitioner's sentence. *See, e.g., United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules); *see also Dillon*, 560 U.S. at 825-26.

Accordingly, the Court concludes that the answer at step one is that Petitioner is not eligible for a sentence reduction. *See* Amendment 782, § 1B1.10; *see Paulk*, 569 F.3d at 1096. To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step-one is that a petitioner is ineligible, the court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

## IV.     CONCLUSION AND ORDER

The Court concludes that Petitioner has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ascencion Armas Ramirez's motion to reduce his sentence (ECF No. 155) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:  **April 29, 2016**            **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE